IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO. 99-CR-30237 -WDS |
| ) | |
| DARRELL IVAN BOLDEN, JR, ) | |
| a/k/a "Yusuf A. El," ) | |
| BOP #05048-025, ) | |
| ) | |
| Defendant. | |

**O R D E R**

**STIEHL, District Judge:**

Before the Court is defendant's pro se motion "To Dismiss" (Doc. 71) and an "Affidavit of Fact Judicial Notice and Proclamation" (Doc. 72).  The defendant was sentenced in August of 2000 on one count of Armed Bank Robbery (Count 1) and one count of Use of a Firearm During a Crime of Violence (Count 3).  He was sentenced to 98 months on Count 1, 70 months, consecutive, on Count 3, and 60 months of supervised release.

On November 4, 2012, the Court issued a warrant for the arrest of the defendant who was, at that time, under supervision.  The warrant was based on his alleged violations of the terms of his release for committing two offenses of bank robbery, on August 9, 2012, and September 4, 2012. The defendant is currently detained on related charges in the Eastern District of Missouri, and a detainer for this Court is pending.

Defendant has now filed these motions asserting that as a member of the Al Moroccan Empire (North America) in propia persona he is not subject to the jurisdiction of the Court, and therefore all charges against him should be dismissed,

As the Seventh Circuit noted in *Vitrano v. United States*, 643 F.3d 229, 233 (7th Cir. 2011):

> Any motion filed in the district court that imposed sentence, and substantively within the scope of § 2255, is a motion under § 2255, no matter what title the prisoner plasters on the cover. Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get–Out–of–Jail Card; the name makes no difference. It is substance that controls.

Because defendant is challenging his conviction, and therefore the Court's jurisdiction over him, this claim is, essentially, a habeas claim which should have been brought within the rules governing habeas actions.[1]

Upon review of the record, the Court **FINDS** that the relief that the defendant seeks in this motion is unavailable to him. Therefore, his motion to dismiss is **DENIED** on all grounds raised.

**IT IS SO ORDERED.**

**DATE: 29 April, 2013**

/s/ WILLIAM D. STIEHL
DISTRICT JUDGE

---

[1] The Court notes that the rules governing habeas filings provides for a one-year period of limitations for filing which appears to have long expired in this case. *See,* 28 U.S.C. § 2255 (f).