## IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | NO. 99-CR-30237 -WDS |
| | ) | |
| DARRELL IVAN BOLDEN, JR, | ) | |
| a/k/a "Yusuf A. El," | ) | |
| BOP #05048-025, | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM & ORDER

**STIEHL, District Judge:**

Before the Court is defendant's second pro se motion seeking dismissal of the criminal action, this time entitled "Affidavit of Fact." (Doc. 74).   The Court previously denied defendant's motion to dismiss (See, Order at Doc. 73).   By way of background, the defendant was sentenced in August of 2000 to 98 months on Count 1, 70 months, consecutive, on Count 3, and 60 months of supervised release on one count of Armed Bank Robbery (Count 1) and one count of Use of a Firearm During a Crime of Violence (Count 3).

On November 4, 2012, the Court issued a warrant for the arrest of the defendant based on his alleged violations of the terms of his supervised release for committing two new offenses of bank robbery, on August 9, 2012, and September 4, 2012. The defendant is currently detained on those new charges in the Eastern District of Missouri.   A related detainer is pending in this Court for revocation of his supervised release on the sentence imposed in this case

Defendant has filed this second motion seeking dismissal of the charges against him and a separate motion for hearing.   His primary assertion is that as a member of the Al Moroccan Empire (North America),   in propia persona, he is not subject to the jurisdiction of the Court and

therefore all charges against him are void and should be dismissed.   This argument is clearly

frivolous.   It is well settled that this Court has original jurisdiction over "all offenses against the

laws of the United States." 18 U.S.C. § 3231.   Therefore the Court had, at the time of his

conviction and sentence, and continues to have for purposes of the supervised release revocation

petition, jurisdiction over the defendant, regardless of his religious beliefs then or now.

The Seventh Circuit has rejected a similar religion-based challenge by a defendant who

asserted that he was a Moorish national and therefore need obey only those laws mentioned in an

ancient treaty between the United States and Morocco. *See, United States v. James,* 328 F.3d 953

(7th Cir.2003). As the court stated in *James*: "Laws of the United States apply to all persons within

its borders. Even if James were not a citizen of the United States ... he would be obliged to respect

the laws of this nation." *Id*. at 954.   The same standards apply to the motions filed by the

defendant.

Upon review of the record, therefore, the Court **FINDS** that the relief that the defendant

seeks in this motion is simply unavailable to him.   His motion is **DENIED** on all grounds raised.

The Court also **DENIES** defendant's motion for a hearing (Doc. 75).


**IT IS SO ORDERED.**

**DATE: <u>22 May, 2013</u>**

/s/   WILLIAM D. STIEHL
                    **DISTRICT JUDGE**